DOE *ex dem.*, W. W. BAKER *et al.*, plaintiffs in error, *vs.* ROE, *casual ejector*, and ROBERT ROATH *et al.*, tenants, defendants.

The 7th section of the Act of 1869, limiting the time of actions for torts committed, applies only to such torts as were committed prior to the 1st June, 1865, and not to torts committed since that date.

Ejectment.   Limitation of Actions.   Before Judge PAR-ROTT.   Whitfield Superior Court.   May Term, 1871.

This was ejectment by John Doe upon a demise for twenty years from S. W., L. L., M. G., and A. W. Stevenson, jointly, on the 1st of January, 1864, upon the demises of each of them on said day, and on the demise of William W. Baker on the 5th of December, 1869, against Roe, casual ejector, and Robert Roath *et al.*, tenants in possession. It was filed on the 20th of December, 1869.

The *locus* and possession at beginning of the suit, and that the title was in Cox when he conveyed it, were admitted. Plaintiff then read in evidence a deed from Cox to Thomas J. Stevenson made in 1842, and a deed from said S. W., L. L., M. G. and A. W. Stevenson to said Baker, made the 5th of December, 1869, and showed that these Stevensons were the sole heirs at law of said Thomas J. Stevenson, who died on the 11th of October, 1862, and closed.

Defendant read in evidence a *fi. fa.* against S. W. Stevenson, Sr., founded upon a judgment in October, 1841, and a deed from the sheriff of said county to James Edmundson, who bought the land at sheriff's sale under said *fi. fa.* in 1843, and a deed from Edmundson to John Hamilton made in 1844. It was admitted that Edmundson and Hamilton each knew when he purchased that the title to said land was in Thomas J. Stevenson, a minor. Under the facts and circumstances herein stated, it was admitted that Hamilton took possession in 1844, died in possession, and the tenants are the

tenants of his administratrix, said possession having been uninterrupted, etc.

It was shown that one Cox had become bound to convey certain land to S. W. Stevenson, Sr., and could not comply, and offered to convey him the premises in dispute if he would surrender his bond. This vexed Mr. S. W. Stevenson, Sr., and he went to the field. His wife then told Cox that if he would convey the premises in dispute to her infant, then twelve days old, said Thomas J. Stevenson, she would surrender Cox's obligation to her husband. Cox made the deed to the child, got his bond from Mrs. Stevenson, and left.

S. W. Stevenson testified that he was then perfectly good, did not authorize Cox to make said deed, and had nothing to do with it except as aforesaid, and that the whole matter was conceived and carried through by his wife; that there was no intention to defraud his creditors, for that he then owned $2,000 00 worth of property, and owed but $125 00; that he knew nothing of said sale by the sheriff till a month after it was over. He said his only reply to Cox, when he proposed to make him title to the premises in dispute upon his giving up his, Cox's, bond, was that, if that was all he could do, he would not take anything, and left him.

When the evidence closed defendant's counsel moved to dismiss the action, because it was barred by the Limitation Act of 1869. "There being no controversy as to the time of the accrual of the cause of action," the Court dismissed the case. That is assigned as error.

D. A. WALKER; McCUTCHEN & SHUMATE, for plaintiffs in error. This tort was continuous, and therefore right of action accrued after as well as before 1865. Acts of limitations do not apply to ejectment: 38 Ga. R., 439 ; 2 Crabb's R., Pr., sec. 2477, page 1079. No prescription in favor of persons knowing defects of their title: R. Code, secs. 2637, 2641; 7 Ga. R., 390 ; 35th ; 140, 142.

Baker *et al.* *vs.* Roath *et al.*

W. K. MOORE, for defendant.

WARNER, Judge.

This was an action of ejectment brought by the plaintiff on the several demises alleged in the declaration against the defendants, to recover the possession of a tract of land in Whitfield county. The demise from the Stevensons to the plaintiff is alleged to have been made on the 1st day of January, 1864. The demise from Baker to the plaintiff is alleged to have been made on the 5th day of December, 1869, The action was commenced on the 20th December, 1869. The plaintiff and defendant offered in evidence their respective title deeds to the land in dispute, as well as other evidence in regard to their claim to the land. After the testimony in the case was closed, the defendant's counsel made the point to the Court that the plaintiff's cause of action was barred by the Act of 1869, in relation to the Statute of Limitations, under the evidence in the case. The Court sustained the position taken by the defendant's counsel, and held that the plaintiff's action was barred, and dismissed the same; whereupon the plaintiff excepted. The seventh section of the Act of 1869 declares, "That all actions for torts of any character whatever, when the tort or wrong was committed, or the right of action accrued, or the injury was done whether to the person or property of any person or corporation prior to the 1st June, 1865, by any person then or now a citizen or inhabitant of this State, which is not now barred, shall be brought and prosecuted within three months from the passage of this Act, or the right of action of the injured party or plaintiff in the action, as well as the right of such party to sue, shall be forever extinguished, barred and foreclosed." This section of the Act applies only to such torts as were committed prior to the 1st June, 1865, and not to torts committed since that date. If the defendant was in possession of the land before that date, the plaintiff, to recover for that wrong or injury, must

have sued within three months from the passage of the Act; but if the defendant has been in possession of the land since that date (as the evidence shows that he was) then, for the wrong and injury done to the land since that time, the plaintiff was not bound to sue within three months.   Besides, one of the demises in the declaration to the plaintiff is alleged to have been made on the 5th of December, 1869, and the defendant was in possession of the land.   In our judgment, the Court should have allowed the jury to have passed upon the evidence under the charge of the Court as to the law applicable thereto, and it was error to dismiss the plaintiff's action on the statement of facts disclosed by the record.

Let the judgment of the Court below be reversed.